

Bryan N. DeMatteo
bryan@demfirm.com

October 5, 2017

**VIA CM/ECF**
The Honorable Magistrate Judge Steven L. Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:      Request for Extension of Time
                Within Which to Serve the Complaint

                Venice PI, LLC v. Doe—24.44.143.124 *et al*.
                <u>Civ. A. No. 1:17-cv-04249-LDH-ST</u>

Dear Magistrate Judge Tiscione:

    DeMatteo Law, PLLC represents Venice PI, LLC ("Plaintiff") in the above-identified copyright infringement action against various unnamed doe defendants. We write to provide the Court with status of expedited third-party discovery and to request a 2 ½ month extension of the ninety (90) day time limit by which Plaintiff must serve its complaint under Fed. R. Civ. P. 4(m) from October 16, 2017 ("the Service Deadline") to December 29, 2017. Plaintiff has not previously requested an extension of the time within which to serve the complaint. Since the doe defendants have not yet appeared in this action, Plaintiff believes this motion is ripe for consideration at this time.

    Plaintiff filed its complaint for copyright infringement on July 18, 2017. *See generally* D.I. 1. On July 21, Plaintiff filed a letter motion seeking leave to serve subpoenas pursuant to Rule 45 to obtain discovery from Charter Communications, Inc. a/k/a Time Warner Cable, Verizon, and Altice f/k/a Cablevision d/b/a Optimum Online ("ISPs") which provided access to Internet Protocol ("IP") addresses used to download and/or distribute unauthorized copies of the Subject Motion Picture, *Once Upon a Time in Venice*. *See* D.I. 5. Approximately five (5) weeks later on August 31, Plaintiff filed a letter motion to expedite consideration of its request for early discovery. *See* D.I. 6. Your Honor granted both motions (*see* Sept. 1, 2017 Minute Order), and subpoenas were prepared and diligently served shortly thereafter. Plaintiff is expecting complete responses from the ISPs by mid-late October 2017.

    In a number of cases, a subscriber identified by an ISP is not the individual who used an IP address to infringe Plaintiff's rights. Plaintiff has no interest whatsoever in pursuing legal action against innocent or underage parties, and for this reason, takes every precaution to ensure that

parties ultimately named in an action are adults who actually infringed. For instance, Plaintiff ensures that the IP addresses identified in a complaint are associated with consistent BitTorrent activity over extended periods of time. This demonstrates that the infringers are likely individuals with consistent and permissive access to the IP addresses, not merely transient guests or unknown parties. *See* D.I. 1 at ¶ 8. Further, Plaintiff's initial contact with a subscriber informs him/her of the action, provides resources for obtaining a legal referral and *pro bono* assistance, and invites him/her to assist in identifying the true infringer. In the vast majority of instances, such efforts result in productive dialogue that succeeds in identifying the proper defendants. Instances in which subscribers are unwilling to cooperate or otherwise unresponsive are almost always indicative of guilt, in which case Plaintiff may name such individuals in an amended complaint or, in certain circumstances, request further expedited discovery from the Court (such as depositions of the uncooperative subscribers) to further explore facts concerning the identity of the true infringers.

Such efforts, while effective in identifying the correct parties, take time. The current Service Deadline for serving the complaint under Fed. R. Civ. P. 4(m) is October 16, 2017. It is unlikely that Plaintiff will complete its investigation in time to serve an amended complaint by this date. Accordingly, Plaintiff requests a 2 ½ month extension of the Service Deadline to December 29, 2017. Plaintiff believes that this extension will provide sufficient time for it to communicate with the subscribers to learn the true identities of the parties responsible for the infringement of Plaintiff's copyright. Such communications will also likely eliminate issues and streamline the case by facilitating early settlement and identifying innocent and/or unnecessary parties for dismissal.

Respectfully submitted,

DEMATTEO LAW, PLLC

/s/ *Bryan N. DeMatteo*
Bryan N. DeMatteo (BD 3557)
bryan@demfirm.com
830 Third Avenue, 5th Floor
New York, NY 10022
Tel.: (866) 645-4169
Fax: (732) 301-9202
*Attorneys for Plaintiff*
*Venice PI, LLC*